Keith Altman (SBN 257309)
Law Offices of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(516) 456-5885
kaltman@lawampmmt.com

*Attorneys for Plaintiffs*

# THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

TINEISHA MILES,

    Plaintiff,

v.

FITNESS INTERNATIONAL, LLC

d/b/a LA FITNESS,

    Defendant.

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW COMES Plaintiff, Tineisha Miles, by and through her attorneys, The Law Office of Keith Altman, and for her Complaint against Defendant, hereby states the following:

## PARTIES

1. Plaintiff, Tineisha Miles, is an adult female and is a citizen and resident of the State of Tennessee.

2. Plaintiff alleges that, while she was on the premises of a fitness center owned and operated by Defendant in Memphis, Tennessee, she was the victim of sexual harassment, among other causes of action as set forth herein.

3. Defendant, Fitness International, LLC d/b/a LA Fitness, is a California Limited Liability Company whose principal office is located at 3861 Michelson Drive, Suite 600, Irvine, California 92612.

4. Defendant is engaged in the business of owning and operating fitness and training facilities open to the public with its headquarters and principal place of business in California. Defendant owns and operates the facility located at 1285 Ridgeway Road, Memphis, Tennessee 38119.

## JURISDICTION AND VENUE

5. Defendant has its headquarters and principal place of business in Irvine California, transacts business in this District, and has subjected itself to this Court's jurisdiction through such activity. Accordingly, venue is proper in this District under 28 U.S.C. § 1391.

6. The court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because there is diversity of residence of the named parties. Additionally, this court has subject matter jurisdiction because the amount of controversy exceeds $75,000.

## FACTUAL ALLEGATIONS

7. At all times relevant to this complaint, Plaintiff was a member of Defendant's fitness and exercise facility located at 1285 Ridgeway Road, Memphis, Tennessee, 38119 and had a month-to-month membership agreement with Defendant.

8. Plaintiff entered into this membership agreement with Defendant on June 5, 2020.

9. Shortly after Plaintiff entered into this membership agreement, she began taking personal training sessions with a person named Willie L. Bradberry (hereinafter "Bradberry").

10. At all times relevant to this complaint, Bradberry was employed by, or acting as an independent contractor for, Defendant at several of Defendant's gym facilities, including the location where Plaintiff used her membership. Bradberry was working as a personal trainer.

11. During Plaintiff's first week of personal training sessions, she trained four separate times with Bradberry.

12. During these four sessions, Bradberry made multiple sexual comments to Plaintiff and touched Plaintiff in a sexual manner.

13. The first time Plaintiff was training alone with Bradberry, he made comments regarding her thighs and breasts, calling them "so nice".

14. Each time thereafter that Plaintiff trained with Bradberry, he made sexual comments regarding her body and touched her inappropriately.

15. On every occasion that Bradberry made such comments, Plaintiff felt uncomfortable.

16. Specifically, Bradberry engaged in the following conduct:

    a. Purposefully brushing up against Plaintiff while erect and grunting in a sexual manner.

  b. Requesting that Plaintiff lay on the floor with her legs open while Bradberry made sexual comments about her vagina and offered to give her oral sex.

  c. Making inappropriate comments regarding Plaintiff's thighs and breasts.

  d. Inquiring about Plaintiff's nipples, specifically asking if they were pierced.

  e. Expressing an interest in and making comments about licking Plaintiff's toes.

17. Despite Plaintiff communicating to Bradberry that she was uncomfortable by physically pushing him away and telling him to focus on his job, Bradberry continued to engage in this conduct.

18. Following a training session with Bradberry, Plaintiff attempted to report his unwanted touching and sexual comments to the management at LA Fitness.

19. When Plaintiff approached the front desk to ask to speak to a manager, she was told that the manager was not there.

20. Plaintiff told the front desk staff about Bradberry's inappropriate conduct and told them that she wished to cancel her membership and receive a refund for the personal training program she had already paid for.

21. Plaintiff was told by the front desk staff that Bradberry had been transferred to another LA Fitness location the day before.

22. The staff at LA Fitness made no report of Bradberry's inappropriate conduct and performed no investigation into him.

23. Defendant LA Fitness failed to investigate and take appropriate action after Plaintiff complained of sexual harassment.

24. Despite knowledge of Mr. Bradberry's conduct, Defendant continued to move him to other locations to continue his employment as a personal trainer.

25. Bradberry was not subject to any discipline such as discharge or expulsion.

26. As a result of Bradberry's inappropriate sexual behavior and Defendant's failure to conduct an investigation into said inappropriate sexual behavior, Plaintiff did not feel safe returning to Defendant's gym facility.

27. Plaintiff attempted to contact Defendant's management multiple times via phone and email, as well as in person.

28. On November 3, 2020, Plaintiff emailed Josh Chapman, the manager of the Memphis LA Fitness, advising him that she had tried to reach him almost daily for a month with no response.

29. Plaintiff also made it known again at that time that she wished to cancel her membership at LA Fitness.

30. As of November 3, 2020, Defendant had taken $370.00 directly from Plaintiff's banking account in payment for training fees.

31. After many months, a portion of these fees was refundeed

## FIRST CAUSE OF ACTION
## NEGLIGENCE

32. Plaintiff hereby incorporates by reference Paragraphs 1-31 as if fully set forth herein.

33. Defendant, by and through its agents and employees, knew or reasonably should have known, of Bradberry's dangerous and exploitive propensities and that Bradberry was an unfit employee.

34. Defendant had a duty to keep Plaintiff and other members free from unwanted sexual touching and/or harassment by Defendant's employees and other agents.

35. Defendant breached its duty to keep Plaintiff and other members free from unwanted sexual touching and/or harassment by Defendant's employees and other agents.

36. Plaintiff has suffered from and continues to suffer from emotional distress and loss of enjoyment of life as a result of the occurrences she experienced at Defendant's gym.

37. Defendant's acts and omissions were the proximate cause of the damages to Plaintiff.

## SECOND CAUSE OF ACTION
## NEGLIGENT SUPERVISION

38. Plaintiff hereby incorporates by reference Paragraphs 1-31, as if fully set forth herein.

39. Prior to placing Bradberry in a position of trust over customers, Defendant had a duty to supervise Bradberry to ensure that he did not engage in unwanted sexual touching and/or harassment while acting as a personal trainer.

40. Despite having such a duty, Defendant failed to supervise Bradberry in a manner that would ensure that Bradberry would not engage in unwanted sexual touching and/or harassment while acting as a personal trainer.

41. Defendant, by and through its agents and employees, knew or reasonably should have known of Bradberry's dangerous and exploitive propensities and that he was an unfit employee.

42. Defendant's failure to supervise was a breach of Defendant's duty to supervise.

43. Plaintiff has suffered from and continues to suffer from emotional distress and loss of enjoyment of life as a result of the occurrences she experienced at Defendant's gym.

44. Defendant's breach of this duty to supervise was the proximate cause of Plaintiff's damages.

## THIRD CAUSE OF ACTION
## NEGLIGENT FAILURE TO WARN PLAINTIFF

45. Plaintiff hereby incorporates by reference Paragraphs 1-31, as if fully set forth herein.

46. Prior to placing Bradberry in a position of trust over customers, Defendant had a duty to warn Defendant and others that Bradberry had previously exhibited dangerous propensities and unfitness in his previous jobs as a personal trainer.

47. Despite having such a duty, Defendant failed to warn Plaintiff that Bradberry had previously exhibited dangerous propensities and unfitness in his previous jobs as a personal trainer.

48. Defendant, by and through its agents and employees, knew or reasonably should have known of Bradberry's dangerous and exploitive propensities and/or that he was an unfit employee.

49. Defendant's failure to warn Plaintiff that Bradberry had exhibited dangerous propensities and unfitness in his previous jobs as a personal trainer was a breach of Defendant's duty to warn Plaintiff of Bradberry's dangerous propensities before allowing him to perform duties as a personal trainer for Plaintiff.

50. Plaintiff has suffered from and continues to suffer from emotional distress and loss of enjoyment of life as a result of the occurrences she experienced at Defendant's gym.

51. Defendant's breach of this duty to warn was the proximate cause of Plaintiff's damages.

## FOURTH CAUSE OF ACTION
## NEGLIGENT HIRING – FAILURE TO INVESTIGATE BEFORE HIRING

52. Plaintiff hereby incorporates by reference Paragraphs 1-31, as if fully set forth herein.

53. Prior to placing Bradberry in a position of trust over customers, Defendant had a duty to investigate whether Bradberry had ever exhibited dangerous propensities and unfitness in his previous jobs as a personal trainer.

54. Despite having such a duty, Defendant failed to investigate whether Bradberry had ever exhibited dangerous propensities and unfitness in his previous jobs as a personal trainer.

55. Defendant, by and through its agents and employees, knew or reasonably should have known of Bradberry's dangerous and exploitive propensities and/or that he was an unfit employee.

56. Defendant's failure to use reasonable care in investigating whether Bradberry had ever exhibited dangerous propensities and unfitness in his previous jobs as a personal trainer was a breach of Defendant's duty to investigate Bradberry before allowing him to act as a personal trainer on Defendant's premises.

57. Plaintiff has suffered from and continues to suffer from emotional distress and loss of enjoyment of life as a result of the occurrences at Defendant's gym.

58. Defendant's breach of this duty to investigate Bradberry was the proximate cause of Plaintiff's damages.

### FIFTH CAUSE OF ACTION
### NEGLIGENT RETENTION

59. Plaintiff hereby incorporates by reference Paragraphs 1-31 as if fully set forth herein.

60. Defendant had a duty to fire and/or to not retain Bradberry after being told by Plaintiff of his behavior, which included unwanted touching and inappropriate sexual comments to Plaintiff during her training sessions.

61. Despite having such a duty, Defendant retained Bradberry despite being on notice that he had exhibited dangerous propensities and unfitness.

62. Defendant, by and through its agents and employees, knew or reasonably should have known of Bradberry's dangerous and exploitive propensities and/or that he was an unfit employee.

63. Despite such knowledge, Defendant negligently retained Bradberry in a position of trust over customers, where he was able to engage in the sexual harassment of Plaintiff and others.

64. Defendant failed to use reasonable care in investigating Plaintiff's claim and failed to provide adequate warning to Plaintiff, other customers, and law enforcement of Defendant's dangerous propensities and unfitness.

65. Defendant breached this duty to fire and/or to not retain Bradberry, despite knowing of Bradberry's dangerous and exploitive propensities and/or that he was an unfit employee.

66. Plaintiff has suffered from and continues to suffer from emotional distress and loss of enjoyment of life as a result of the occurrences at Defendant's gym.

67. Defendant's breach of this duty to fire and/or to not retain Bradberry was the proximate cause of Plaintiff's damages.

### SIXTH CAUSE OF ACTION
### SEXUAL HARASSMENT

68. Plaintiff hereby incorporates by reference Paragraphs 1-31, as if fully set forth herein.

69. An employer is responsible for harm caused by the wrongful conduct of its employees.

70. Bradberry was acting within the scope of his employment as a personal trainer when the sexual harassment occurred.

71. Plaintiff was harmed by Bradberry's acts of engaging in inappropriate touching and commentary.

72. Bradberry was acting within the scope of his employment because training members of the gym is the task that Bradberry was performing for his employer, Fitness International.

73. The acts and/or omissions of Defendant caused Plaintiff to suffer harm and economic damages for the cost of her gym membership and personal training sessions that she was charged for.

74. The incidents of sexual harassment discussed herein took place while Defendant was acting within the scope of his employment and under control of LA Fitness.

75. Even though Defendant knew or should have known of these activities by Defendant's employee, Defendant did nothing to investigate, supervise or monitor to ensure safety of customers, but instead ratified such conduct by retaining Bradberry in employment and Bradberry retaining the benefits of his employment.

76. Plaintiff has suffered from and continues to suffer from emotional distress and loss of enjoyment of life as a result of the sexual harassment.

## SEVENTH CAUSE OF ACTION
## BREACH OF CONTRACT

77. Plaintiff hereby incorporates by reference Paragraphs 1-31, as if fully set forth herein.

78. When Plaintiff became a member at LA Fitness, she entered into a contract with LA Fitness. In return for monetary payment, Defendant, Fitness International, was to provide Plaintiff with access to a fitness facility and personal training classes subject to the terms and conditions created by Fitness International.

79. Included in this contract was a policy defining and prohibiting sexual harassment.

80. Included in this contract was a policy prohibiting sexual harassment.

81. Plaintiff therefore had the right to be free from sexual harassment while using Defendant's facilities.

82. Plaintiff has performed all of the conditions required under the contract.

83. Defendant breached the contract with Plaintiff by permitting the sexual harassment of Plaintiff and other customers by its employees or agents and by not performing an investigation after this conduct was reported to them.

84. Defendant further breached this contract by retaining an employee or agent who was engaged in sexual harassment.

85. As a result of Defendant's breaches of the contract, Plaintiff is entitled to compensatory damages in an amount to be proven.

## PRAYER FOR RELIEF

Plaintiff, Tineisha Miles, demands judgment and prays for the following relief against Defendant:

a. Full and fair compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorney's fees and costs of this action; and

d. Any such other relief as appears to the court just and proper.

Respectfully Submitted,

Law Office of Keith Altman

Dated: June 29, 2021
Farmington Hills, MI

By: /s/ Keith Altman
Keith Altman (SBN 257309)
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
(516) 456-5885
kaltman@lawampmmt.com

*Attorney for Plaintiffs*