YOKA & SMITH, LLP
ALICE CHEN SMITH (Bar No. 251654)
*asmith@yokasmith.com*
CHRISTINE C. DE METRUIS (Bar No. 203610)
*cdemetruis@yokasmith.com*
445 South Figueroa Street, 38th Floor
Los Angeles, California 90071
Phone: (213) 427-2300
Facsimile: (213) 427-2330

Attorneys for Defendant, FITNESS INTERNATIONAL, LLC (erroneously sued as "FITNESS INTERNATIONAL, LLC d/b/a LA FITNESS")

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TINEISHA MILES,<br><br>                    Plaintiff,<br><br>        v.<br><br>FITNESS INTERNATIONAL, LLC.<br>d/b/a LA FITNESS<br><br>                    Defendant. | Case No.: 8:21-cv-01131-CJC-JDE<br><br>DEFENDANT FITNESS INTERNATIONAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (F.R.C.P. 12(b)(1)) AND/OR TO TRANSFER VENUE (28 § U.S.C. 1404); MEMORANDUM OF POINTS AND AUTHORITIES<br><br>DATE:  January 24, 2022<br>TIME:   1:30 p.m.<br>DEPT.:  9B |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on January 24, 2022, at 1:30 p.m., or as soon thereafter as the matter may be heard in Department 9B of this Court, Defendant FITNESS INTERNATIONAL, LLC (hereinafter "Fitness") will move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) or Transfer Venue pursuant to 28 U.S.C. § 1404 on the ground that plaintiff TINEISHA MILES (hereinafter,

"Plaintiff") cannot establish diversity jurisdiction pursuant to 28 U.S.C. 1332(a), as Plaintiff has not met the jurisdictional amount in controversy, and as the parties are not completely diverse.  As such, Plaintiff has not met her burden of establishing that the Court has subject matter jurisdiction over this matter and dismissal is appropriate under Fed. R. Civ. P. 12(b)(1).

Alternatively, Fitness respectfully requests that this action be transferred to the U.S. District Court for the Western District of Tennessee pursuant to 28 U.S.C. § 1404, as all of the events alleged in Plaintiff's Complaint occurred in Memphis, Tennessee; all witnesses and evidence are located in Tennessee; Plaintiff is a resident of Tennessee; and Fitness is qualified to do business in, and has an agent for service of process in, Tennessee.  As such, this matter is more appropriately venued in Tennessee.

This motion is made following a conference of counsel discussing the substance of this motion pursuant to Local Rule 7-3, which took place on October 13, 2021, and November 17, 2021, between Christine C. De Metruis, Esq. and Keith Altman, Esq.

DATED:  November 22, 2021                    YOKA & SMITH, LLP

By: /s/ Christine C. De Metruis
    ALICE CHEN SMITH (Bar No. 251654)
    CHRISTINE C. DE METRUIS (Bar No. 203610)
    Attorneys for Defendant, FITNESS INTERNATIONAL, LLC

FITNESS INTERNATIONAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (F.R.C.P. 12(b)(1)) AND/OR TRANSFER VENUE (28 U.S.C. § 1404); MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   INTRODUCTION .................................................................................6

II.  STATEMENT OF RELEVANT FACTS............................................7

    A. General Background Facts................................................................7

    B. Jurisdictional Allegations................................................................8

III. THE COMPLAINT SHOULD BE DISMISSED, AS THE
    COURT LACKS SUBJECT MATTER JURISDICTION ..................8

    A. Legal Standard .................................................................................8

    B. Plaintiff Has Not Met Her Burden of Establishing the Amount
       in Controversy Meets Section 1332(a)'s Jurisdictional
       Requirements .................................................................................10

    C. Plaintiff Has Not and Cannot Establish Complete Diversity of
       Citizenship Between the Parties ....................................................13

IV.  ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED
    TO THE WESTERN DISTRICT OF TENNESSEE...........................15

    A. To the Extent This Court Finds Subject Matter Jurisdiction,
       This Action Could Have Been Brought in the Western District
       of Tennessee ...................................................................................16

    B. The Convenience and Fairness Factors Weigh in Favor of
       Transfer...........................................................................................17

V.   CONCLUSION..................................................................................19

# TABLE OF AUTHORITIES

## <u>FEDERAL CASES</u>

<u>Page(s)</u>

*Arbaugh v. Y & H Corp.*
546 U.S. 500, 506 (2006) ................................................. 9

*Christensen v. Nw. Airlines, Inc.*
633 F.2d 529, 530-531 (9th Cir. 1980) ..................................... 10

*Colwell v. Dep't of Health & Human Servs.*
558 F.3d 1112, 1121 (9th Cir. 2009).......................................... 9

*Delay v. Rosenthal Collins Group, LLC*
585 F.3d 1003, 1005 (6th Cir. 2009).......................................... 13

*Diefenthal v. C.A.B.*
681 F.2d 1039, 1052 (5th Cir. 1982).......................................... 10

*DSSDR LLC v. Zenith Infotech Ltd.*
2013 WL 57863, at *4 (N.D. Cal. Jan. 3, 2013) ....................... 17

*EFG Bank AG, Cayman Branch v. Lincoln Nat'l Life Ins. Co.*
2017 WL 5635022, at *3 (C.D. Cal. June 8, 2017) ................... 17

*Eye Laser Care Ctr, LLC. v. MDTV Med. News Now, Inc.*
2007 WL 2873782, at *1 (S.D. Cal. Sept. 28, 2007) ................ 17

*Gaus v. Miles, Inc.*
980 F.2d 564, 567 (9th Cir. 1992)............................................ 9

*Gibson v. Chrysler, Corp.*
261 F.3d 927, 945 (9th Cir. 2001)............................................ 10

*Hawkins v. Gerber Prod. Co.*
924 F.Supp.2d 1208, 1212-1213 (S.D. Cal. 2013).................... 15

*Hoffman v. Blaski*
363 U.S. 335, 343-344 (1960)......................................... 15,16

*Johnson v. Columbia Properties Anchorage LP*
437 F.3d 894, 899 (9th Cir. 2006)........................................... 13

*Leeson v. Transamerica Disability Income Plan*
671 F.3d 969, 975 n.12 (9th Cir. 2012)..................................... 8

*Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*
414 Fed. Appx. 62, 64 (9th Cir. 2011) .................................... 14

*McNutt v, General Motors Acceptance Corp.*
298 U.S. 178, 189 (1936) ........................................................ 9

*Miranda v. Reno*
238 F.3d 1156, 1157 n.1 (9th Cir. 2001).................................. 9

FITNESS INTERNATIONAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION (F.R.C.P. 12(b)(1)) AND/OR TRANSFER
VENUE (28 U.S.C. § 1404); MEMORANDUM OF POINTS AND AUTHORITIES

*NewGen, LLC v. Safe Clg., LLC*
   840 F.3d 606, 613-14 (9th Cir. 2016) ........................................ 9

*Pac. Car & Foundry Co. v. Pence*
   403 F.2d 949, 954 (9th Cir. 1968)............................................. 17

*PhotoThera, Inc. v. Oron*
   2007 WL 4259181, *8-9 (S.D. Cal. 2007).............................. 10

*Popescu v. Jack Lalanne Fitness Centers*
   983 F.2d 1077 (9th Cir. 1982).................................................. 10

*Rainero v. Archon Corp.*
   844 F.3d 832, 841 (9th Cir. 2016)............................................. 9

*St. Clair v. City of Chico*
   880 F.2d 199, 201 (9th Cir. 1989)............................................. 9

*Stewart Org., Inc. v. Ricoh Corp.*
   487 U.S. 22, 29 (1988) ............................................................ 15

*Unimax Exp., Inc. v. Evergreen Shipping Agency*
   2012 WL 1884558 (C.D. Cal. 2012)........................................ 10

*Van Dusen v. Barrack*
   376 U.S. 612, 616 (1964) ........................................................ 15

*Ventress v. Japan Airlines*
   486 F.3d 1111, 1118-1119 (9th Cir. 2007) ............................ 15

*White v. Lee*
   227 F.3d 1214, 1242 (9th Cir. 2000)......................................... 9

## STATE CASES

*Brousseau v. Jarrett*
   (1977) 73 Cal.App.3d 864, 872................................................ 12

*G.D. Searle & Co. v. Super. Ct.*
   (1975) 49 Cal.App.3d 22, 30.................................................... 12

*Grieves v. Superior Court*
   (1984) 157 Cal.App.3d 159, 166.............................................. 12

## OTHER SOURCES

California Civil Code § 3294.............................................................. 11,12

28 U.S.C. § 1404 ............................................................ 1,2,6,7,15,17,19

28 U.S.C. § 1332(a) ........................................................... 2,6,8,10,13,15

28 U.S.C. § 1391(b)(c) ............................................................................ 16

Federal Rule of Civil Procedure, Rule 12(b)(1) .................................. 1,2,6,8,9,19

FITNESS INTERNATIONAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION (F.R.C.P. 12(b)(1)) AND/OR TRANSFER
VENUE (28 U.S.C. § 1404); MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendant FITNESS INTERNATIONAL, LLC (hereinafter, "Fitness"), respectfully submits the following memorandum of points and authorities in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, Transfer Venue pursuant to 28 U.S.C. §1404 to the United States District Court for the Western District of Tennessee.

7

## I.   <u>INTRODUCTION</u>

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

By way of this action, plaintiff Tineisha Miles (hereinafter, "Plaintiff") seeks unspecified damages as a result of alleged sexual harassment by Willie L. Bradberry (hereinafter "Bradberry"), a personal trainer employed by Fitness at one of its gyms in Memphis, Tennessee.  Plaintiff, a citizen of Tennessee with no purported ties to California, filed her Complaint in this Court alleging the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as there is complete diversity between the parties, and as the amount in controversy exceeds $75,000.   However, as discussed below, Plaintiff's allegations of diversity jurisdiction fail as a matter of law, as Plaintiff has not alleged facts establishing either an amount in controversy exceeding $75,000, or complete diversity of citizenship of the parties.  Indeed, as Fitness is a limited liability company, it is considered a citizen of each jurisdiction in which its members (and to the extent its members are themselves corporations, partnerships and/or limited liability companies, their sub-members) are citizens.  By failing to allege the citizenship of each of Fitness' members and sub-members, Plaintiff has failed to allege facts sufficient to establish she is completely diverse from Fitness.  Moreover, Plaintiff cannot cure the jurisdictional defect, as one of Fitness' members, Brawn Holdings, LLC, itself has two members, both of which are limited partnerships with limited partners in various states, including **Tennessee**.  As such, there is not complete diversity between Plaintiff and each "sub-member" of Fitness International, LLC, and the matter should be dismissed.

27
28

Alternatively, this matter should be transferred to the United States District Court for the Western District of Tennessee.  It is wholly unclear why Plaintiff, a citizen

of Tennessee with no ties to California, filed the present action in the U.S. District Court for the Central District of California.  While Fitness is a California limited liability company, it is also registered and qualified to do business as a foreign limited liability company in Tennessee and has a registered agent for service of process in Tennessee. Fitness is therefore amenable to suits in Tennessee.  Further, all of the events alleged in Plaintiff's Complaint occurred in Tennessee, and all of the witnesses and evidence are in Tennessee.  As such, to the extent this Court finds it has subject matter jurisdiction, the case should be transferred to the U.S. Court for the Western District of Tennessee pursuant to 28 U.S.C. § 1404 for the convenience of the parties.

## II.      STATEMENT OF RELEVANT FACTS

### A.      General Background Facts

Plaintiff alleges she was a member of Fitness' gym facility located at 1285 Ridgeway Road in Memphis, Tennessee. [Complaint (Dkt. No. 1) at ¶7.] According to her Complaint, shortly after joining Fitness, she began taking personal training sessions with Willie L. Bradberry (hereinafter, "Bradberry"), a Fitness employee.  [Complaint (Dkt. No. 1) at ¶¶8-10.] Plaintiff alleges that during the four personal training sessions she attended, Bradberry made sexually explicit comments and touched her inappropriately.  [Complaint (Dkt. No. 1) at ¶¶11-16.] Plaintiff contends that after one session, she attempted to report Bradberry's conduct to a manager, however was told the manager was not in.  As such, Plaintiff alleges that she informed the Fitness front desk staff of the inappropriate conduct, that she wanted to cancel her membership, and wanted a refund for the personal training sessions she already paid for.  [Complaint (Dkt. No. 1) at ¶¶18-20.]. At that point, Plaintiff was informed that Bradberry had been transferred to another gym location the day before.  [Complaint (Dkt. No. 1) at ¶21.]

Plaintiff contends that, as of November 3, 2020, Fitness had taken $370 directly from her banking account as payment for training fees, however after months a portion of those fees were refunded.  [Complaint (Dkt. No. 1) at ¶¶30-31.]

FITNESS INTERNATIONAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION (F.R.C.P. 12(b)(1)) AND/OR TRANSFER
VENUE (28 U.S.C. § 1404); MEMORANDUM OF POINTS AND AUTHORITIES

**B.** **Jurisdictional Allegations**

Plaintiff alleges she is a citizen and resident of Tennessee.  [Complaint (Dkt. No. 1) at ¶1.] Plaintiff alleges that Fitness "is a California Limited Liability Company whose principal place office is located at 3861 Michelson Drive, Suite 600, Irvine, California 92612."  [Complaint (Dkt. No. 1) at ¶3.]  Plaintiff further contends that Fitness' "headquarters and principal place of business [is] in California."  [Complaint (Dkt. No. 1) at ¶4.]

Based on these allegations, Plaintiff alleges this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as there is diversity of residence of the named parties, and as the amount in controversy exceeds $75,000.  [Complaint (Dkt. No. 1) at ¶6.]

**III.** **THE COMPLAINT SHOULD BE DISMISSED, AS THE COURT LACKS SUBJECT MATTER JURISDICTION**

**A.** **Legal Standard**

There are two principal bases upon which a district court may exercise subject matter jurisdiction: (1) the existence of a federal question, and (2) complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§1331, 1332.  Here, Plaintiff alleges in pertinent part that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), "because there is diversity of residence of the named parties," and as the amount in controversy exceeds $75,000.  [Complaint (Dkt. No. 1) at ¶6.]

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-

matter jurisdiction, the court must dismiss the action.")  "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (citations omitted) (jurisdiction upheld); *see also Rainero v. Archon Corp.*, 844 F.3d 832, 841 (9th Cir. 2016) (affirming lower court's dismissal of the litigation based on lack of subject matter jurisdiction, stating "if a court lacks subject matter jurisdiction, it is obligated to dismiss the case, regardless of how long the litigation has been ongoing.")

The party seeking to invoke federal jurisdiction bears the burden of pleading and proving both requirements for diversity jurisdiction – complete diversity between the parties and the minimum amount in controversy. *Rainero, supra,* 844 F.3d at 840, *quoting NewGen, LLC v. Safe Clg.,* LLC, 840 F.3d 606, 613-14 (9th Cir. 2016); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992), *citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

A party challenging the court's subject matter jurisdiction under Rule 12(b)(1) may bring a facial challenge or a factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In evaluating a facial challenge to subject matter jurisdiction, the court accepts the factual allegations in the complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). Where a defendant brings a factual challenge, on the other hand, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *White*, *supra,* 227 F.3d at 1242 (citation omitted). Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

**B.      Plaintiff Has Not Met Her Burden Of Establishing The Amount In Controversy Meets Section 1332(a)'s Jurisdictional Requirements**

A court may dismiss for lack of diversity jurisdiction if a plaintiff fails to meet his or her burden of establishing the amount in controversy meets 28 U.S.C. §1332(a)'s threshold.  *PhotoThera, Inc. v. Oron,* 2007 WL 4259181, *8-9 (S.D. Cal. 2007) (Plaintiff's "bald recitation" that the amount in controversy exceeds $75,000, without supporting facts, insufficient to establish diversity jurisdiction); *see also Unimax Exp., Inc. v. Evergreen Shipping Agency*, 2012 WL 1884558 (C.D. Cal. 2012).

Here, Plaintiff alleges that she "has suffered from and continues to suffer from emotional distress and loss of enjoyment of life" as a result of the alleged conduct by Fitness' employee.  [Complaint (Dkt. No. 1) at ¶¶43, 50, 57, 66, 76.]  Plaintiff further seeks compensatory damages as a result of the alleged breach of contract.  [Complaint (Dkt. No. 1) at ¶¶85.]  A review of Plaintiff's Complaint reveals monetary damages in the amount of $370.00, a portion of which Plaintiff admits were refunded to her.  [Complaint (Dkt. No. 1) at ¶¶30, 31.]

Under well-established federal authority, injuries arising from personal (i.e., emotional) damages are insufficient to meet the jurisdictional threshold.  *Christensen v. Nw. Airlines, Inc.*, 633 F.2d 529, 530-531 (9th Cir. 1980) (discourteous and rude conduct of airline staff insufficient to meet satisfy jurisdictional threshold); *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982) ("humiliation" in sufficient to meet jurisdictional threshold); *Popescu v. Jack Lalanne Fitness Centers*, 983 F.2d 1077 (9th Cir. 1982) (alleged emotional distress from encounter with health club employees insufficient to meet jurisdictional threshold).  As such, Plaintiff's claims for emotional distress damages are insufficient to meet the jurisdictional threshold under 28 U.S.C. § 1332.

Plaintiff has also asserted a claim for punitive damages against Fitness, which may be considered in determining the amount in controversy.  *Gibson v. Chrysler, Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)  However, it is well settled that under California law that a prayer for punitive damages must be *pled* with particularity and,

further, any right to punitive damages must be shown by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice. *See* California Civil Code § 3294. In keeping with this extraordinary burden of proof, Civil Code section 3294 sets forth exacting hurdles, in terms of definitions of necessary elements, which a plaintiff must satisfy:

> (1) "Malice" means conduct which is *intended* by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a *willful and conscious disregard* of the rights or safety of others.
>
> (2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship and conscious disregard of that person's rights.
>
> (3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with *the intention on the part of the defendant of thereby depriving a person of property* or legal rights or otherwise causing injury. (Emphasis added.)

Further, to impose punitive damages against an *employer*, California Civil Code 3294 provides:

> (b) An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

A plaintiff asserting a claim for punitive damages must plead *specific facts* to support such a claim.  *See G.D. Searle & Co. v. Super. Ct.* (1975) 49 Cal.App.3d 22, 30:

> When the plaintiff alleges an intentional wrong, a prayer for exemplary damages must be supported by pleading that the wrong was committed willfully or with design to injure.  When non-deliberate injury is charged, allegations that the defendant's conduct was wrongful, willful, wanton, reckless, or unlawful do not support a claim for exemplary damages; such allegations do not charge malice.  When a defendant must produce evidence in defense of an exemplary damages claim, fairness demand that he receive adequate notice of the kind of conduct charged against.

Accord, *Grieves v. Superior Court* (1984) 157 Cal.App.3d 159, 166 (explaining that not only must there be circumstances of oppression, fraud or malice, but *facts* must be alleged in the pleading to support such a claim.); *Brousseau v. Jarrett* (1977) 73 Cal.App.3d 864, 872 (specific factual allegations are required to support a punitive damage claim).

Here, Plaintiff alleges that she entered into a membership agreement with Fitness on June 5, 2020; that shortly after she began personal training sessions with Bradberry; that she had 4 training sessions with Bradberry; that Bradberry sexually harassed her; that Plaintiff informed Fitness front desk personnel about Bradberry's alleged conduct, and was told that Bradberry had been transferred to another LA Fitness gym the day before.  [Complaint (Dkt. No. 1) at ¶¶8-21.] Thus, based on Plaintiff's own allegations, she reported Bradberry's alleged conduct after Bradberry had already been transferred to another location; i.e., after the alleged conduct had occurred and ended. Plaintiff fails to allege facts to support any inference that she reported or attempted to report the alleged conduct as it was occurring, or facts sufficient to support any claim Fitness knew or should have known of the alleged conduct while it was occurring.  Thus, Plaintiff's allegations are insufficient as a matter of law to support a claim for punitive damages against Fitness under California Civil Code §3294.

As such, despite a claim for punitive damages which does not meet muster, Plaintiff has not met her burden of establishing the amount in controversy meets the jurisdictional threshold of $75,000.

### C.     Plaintiff Has Not And Cannot Establish Complete Diversity Of Citizenship Between The Parties

In addition to failing to meet the amount in controversy threshold, Plaintiff has also failed to complete diversity of citizenship between the parties.  Plaintiff alleges that she "is a citizen and resident of the State of Tennessee." [Complaint (Dkt. No. 1) at ¶1.] Plaintiff goes on to allege that Fitness is a California limited liability company with its headquarters and principal office in Irvine, California.  [Complaint (Dkt. No. 1) at ¶¶3, 4.] Plaintiff then concludes that the court has diversity jurisdiction pursuant to 28 U.S.C. 1332(a)(1) "because there is diversity of residence of the named parties." [Complaint (Dkt. No. 1) at ¶6.]

However, while Fitness is a California limited liability company, it is also registered as a foreign limited liability company in Tennessee, qualified to do business in Tennessee, and has an agent for service of process in Tennessee.  [Declaration for Robert Wilson ("Wilson Decl."), at ¶10.]

Moreover, to establish diversity jurisdiction in a case involving a limited liability company such as Fitness, allegations regarding the place of formation and principal office are insufficient to establish federal diversity jurisdiction.  Rather, there must complete diversity of citizenship of each member of the limited liability company. *See generally Johnson v. Columbia Properties Anchorage LP,* 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.")  Further, if any member of an LLC is itself a partnership or limited liability company, the court considers the citizenship of each "sub-member" as well.  *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member

13

of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well.")  *See also Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 64 (9th Cir. 2011) (party failed to show complete diversity of citizenship by failing to allege the citizenship of each partner of a limited partnership and each member of a limited liability company).  Therefore, there is no diversity jurisdiction if *any* member or sub-member of an LLC is a citizen of the same state as the plaintiff.

At the outset, Plaintiff fails to allege the citizenship of each member of the limited liability company, and as such fails to allege facts sufficient to establish complete diversity between the parties.  Moreover, Plaintiff cannot cure this failure, as there is not complete diversity between Plaintiff and each "sub-member" of Fitness.

Fitness International, LLC has five (5) members:  (1) LAF, Inc.; (2) The Seidler Company, LLC; (3) Seidler Fitness Holdings II, LP; (4) SP LAF Buyer LLC; and (5) Brawn Holdings, LLC.  [Wilson Decl., at ¶3.]  Relevant to the present action, Brawn Holdings, LLC is a Delaware limited liability company.  Brawn Holdings, LLC has two members, both of which are Delaware limited partnerships.  Each of these limited partnerships have a general partner who is domiciled in the State of Delaware.  One of these limited partnerships has one hundred twenty (120) limited partners, the other limited partnership has ninety-nine (99) limited partners.  The limited partners are domiciled in, and citizens of, the following: Alabama, Alaska, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Illinois, Indiana, Maryland, Massachusetts, Michigan, Minnesota, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, **Tennessee,** Texas, Utah, Vermont, and Virginia.[1]  [Wilson Decl., at ¶8.]

---

[1] Fitness does not dispute that the remaining members are diverse from Plaintiff.  LAF, Inc. is a California corporation with its principal place of business in California; the Seidler Company, LLC is a Delaware limited liability company, with its principal place of business in California, and whose members are all individuals domiciled in California; Seidler Fitness Holdings II, LP is a Delaware

14

Where, as here, a sub-member of a limited liability company is not diverse from the plaintiff, jurisdiction under 28 U.S.C. §1332(a) fails.  Because Plaintiff has not, and cannot, establish complete diversity between the parties, the Court lacks subject matter jurisdiction, and dismissal is warranted.

## IV.   ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF TENNESSEE

In the event the case is not dismissed for lack of subject matter jurisdiction, Fitness requests that the Court transfer venue of this action to the U.S. District Court for the Western District of Tennessee pursuant to 28, U.S.C. §1404(a).  A court has discretion to transfer an action pursuant to 28 U.S.C. 1404(a) "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotations omitted); *see also Ventress v. Japan Airlines,* 486 F.3d 1111, 1118-1119 (9th Cir. 2007) (affirming transfer from California to Hawaii because the court found no significant connection with California as the potential witnesses and documentary evidence was located in Hawaii).  Courts are to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.* 487 U.S. 22, 29 (1988) (citation and quotations omitted).

When ruling on a motion to transfer, courts use a two-step process.  First, courts look to whether the case could have been brought in the transferee district.  *Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960).   If the court determines venue is proper in both districts, a court must then evaluate convenience to the parties and witnesses, and the interests of justice. *Hawkins v. Gerber Prod. Co.,* 924 F.Supp.2d 1208, 1212-1213 (S.D.

---

limited partnership with its principal place of business in California, and whose general and limited partners are domiciled in, and citizens of California, Delaware, Idaho, Illinois, Massachusetts, New Jersey, South Dakota, and Virginia; and SP LAF Buyer LLC is a Delaware limited liability company whose sole member is SP LAF Investors LLC, a Delaware Limited liability company, who are citizens of and domiciled in Delaware and the Cayman Islands.  [Wilson Decl., at ¶¶4-7.]

FITNESS INTERNATIONAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION (F.R.C.P. 12(b)(1)) AND/OR TRANSFER
VENUE (28 U.S.C. § 1404); MEMORANDUM OF POINTS AND AUTHORITIES

Cal. 2013).  In evaluating this second prong, courts consider the following convenience and fairness factors:  "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum."  *Id.*

A.     **To The Extent This Court Finds Subject Matter Jurisdiction, This Action Could Have Been Brought In The Western District Of Tennessee**

Here, for the reasons discussed above, Fitness does not believe that either requirement for federal diversity jurisdiction exists, and thus this case should not have been brought in *any* federal court.  However, to the extent this Court disagrees, and finds there is complete diversity between the parties and the amount in controversy meets the jurisdictional threshold, then without question this case could have been brought in the Western District of Tennessee.  An action "could have been brought" is any court that has subject matter jurisdiction over the claims and personal jurisdiction over the defendant, and where venue is proper.  *See Hoffman, supra,* 363 U.S. at 343-344. Here, Plaintiff resides in Tennessee, Fitness is qualified to do business in Tennessee, has a registered agent for service of process in Tennessee, and there is therefore no objection to jurisdiction in Tennessee.  Moreover, venue is proper in Tennessee pursuant to 28 U.S.C. 1391(b)(1) and (2), as it is a judicial district in which Fitness "resides,"[2] and as evidenced by Plaintiff's allegations, she entered into a contract in Memphis, and all of the alleged conduct occurred in Memphis, Tennessee.  Thus, a substantial part (indeed all) of the events giving rise to Plaintiff's claim occurred there.

/ / /

---

[2] An entity resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question…."  28 U.S.C. 1391(c)(2).

**B.    The Convenience And Fairness Factors Weigh In Favor Of Transfer**

As discussed below, each of the convenience and fairness factors weigh in favor of transfer to the Western District of Tennessee or are neutral or entitled to nominal weight.

A plaintiff's choice of forum is entitled to minimal deference where, as here, the operative facts occurred outside of the District, and the plaintiff is foreign to the district.  (*See EFG Bank AG, Cayman Branch v. Lincoln Nat'l Life Ins. Co.*, 2017 WL 5635022, at *3 (C.D. Cal. June 8, 2017) ("Plaintiffs' choice of forum is entitled to minimal deference because this District has no interest in the parties or this action."); *DSSDR LLC v. Zenith Infotech Ltd.*, 2013 WL 57863, at *4 (N.D. Cal. Jan. 3, 2013) (Court gives less deference to foreign plaintiffs where operative factors occurred outside of the District); *Pac. Car & Foundry Co. v. Pence,* 403 F.2d 949, 954 (9th Cir. 1968) (Same).

Here, Plaintiff is a citizen of Tennessee, the alleged contract was entered into in Tennessee and all of the allege conduct occurred in Tennessee.  Moreover, Fitness is qualified to do business in Tennessee and is subject to personal jurisdiction in Tennessee.  Thus, Plaintiff's choice of forum does not favor maintaining the action in this District.

As to the second factor (convenience of the parties), it is unclear how California is convenient for Plaintiff, who resides in Tennessee.  Moreover, it is not convenient to Fitness, as any personnel with knowledge of the alleged incident, any witness to the alleged conduct, and any evidence related to the alleged conduct is located in Tennessee.  As such, this factor weighs in favor of transferring this action.

The third factor, convenience of witnesses, is considered the most important factor in a Section 1404 analysis.  *Eye Laser Care Ctr, LLC. v. MDTV Med. News Now, Inc.,* 2007 WL 2873782, at *1 (S.D. Cal. Sept. 28, 2007).  While this case is still in its infancy and no discovery has occurred, it is already evident based on the allegations in Plaintiff's Complaint that the convenience of the witnesses overwhelmingly weighs in

favor of transfer.  In addition to Plaintiff and Bradberry, any person with whom Plaintiff contends she spoke regarding this matter (front desk staff and Fitness' gym manager) are employed in Tennessee. Moreover, any person who can testify as to Plaintiff's emotional or mental distress (doctors, friends, family members) more likely than not reside in or near Memphis, Tennessee.

For the same reason, the fourth factor (ease of access to evidence) weighs in favor of transferring the case to Tennessee, as all of the events occurred in Tennessee, and thus any evidence relevant to either the alleged conduct, witnesses, and Plaintiff's alleged damages would be in Tennessee.

The fifth factor, each forum's familiarity with the applicable law, weighs in favor of transferring the action to Tennessee.  Plaintiff does not allege under which state laws she brings her action.  However, because the alleged conduct and injury occurred in Tennessee, and the alleged membership agreement was entered into in Tennessee, a court should arguably apply Tennessee law to Plaintiff's claims.  While this Court is no doubt capable of applying Tennessee law, a Tennessee court would likely have greater familiarity with it.  As such, this factor weighs in favor of transfer.

The sixth factor, feasibility of consolidation with other claims, is neutral, as Plaintiff does not allege the existence of any other claims.  Moreover, even assuming Plaintiff could allege other claims involving Fitness employee, Bradberry, those claims would also arise in Memphis, Tennessee, where Bradberry was employed by Fitness.

The seventh factor, local interest in the controversy, weighs in favor of transferring the case to Tennessee.  As Plaintiff is a Tennessee citizen, and as Fitness "resides" in Memphis, Tennessee for the purpose of the venue statute, a court in Tennessee arguably has a greater interest in resolving disputes between its residents for claims arising out of conduct committed wholly within its borders, than a court in California would.

The final factor, the relative court congestion, will likely be a neutral factor.

As such, to the extent this Court finds it has subject matter jurisdiction, the case

18

should be transferred to the U.S. District Court for Western District of Tennessee under 28 U.S.C. 1404(a).

## V.    <u>CONCLUSION</u>

For each of the foregoing reasons, FITNESS INTERNATIONAL, LLC respectfully requests that the present action be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Alternatively, to the extent this Court finds that it has subject matter jurisdiction, Fitness respectfully requests that the Court transfer the case to the U.S. District Court for the Western District of Tennessee pursuant to 28 U.S.C. § 1404.


DATED:  November 22, 2021                    YOKA & SMITH, LLP


By: <u>/s/ Christine C. De Metruis</u>
ALICE CHEN SMITH (Bar No. 251654)
CHRISTINE C. DE METRUIS (Bar No. 203610)
Attorneys for Defendant, FITNESS INTERNATIONAL, LLC