1  Keith Altman (SBN 257309)
2  The Law Office of Keith Altman
3  33228 West 12 Mile Road, Suite 375
   Farmington Hills, Michigan 48334
4  Telephone: (248) 987-8929
   keithaltman@kaltmanlaw.com
5  *Attorney for Plaintiff Tineisha Miles*

6

7

8  **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA**
9  **SOUTHERN DIVISION**

10

11                                        )  Case No.: 8:21-CV-01131-CJC- JDE
                                          )
12                                        )
   **TINEISHA MILES,**                    )
13                                        )  PLAINTIFF'S OPPOSITION TO
                                          )  DEFENDANT FITNESS
14        **Plaintiff,**                  )  INTERNATIONAL'S MOTION
                                          )  TO DISMISS FOR LACK OF
15     **v.**                             )  SUBJECT MATTER
                                          )  JURISDICTION (F.R.C.P. 12(b)(1))
16                                        )  AND/OR TO TRANSFER VENUE
   **FITNESS INTERNATIONAL**             )  (28 § U.S.C. 1404);
17 **LLC d/b/a LA FITNESS,**             )  MEMORANDUM OF POINTS
                                          )  AND AUTHORITIES
18        **Defendant**.                 )
                                          )  DATE: January 24, 2022
19                                        )  TIME: 1:30 PM
                                          )  DEPT: 9b
20                                        )
                                          )
21                                        )
                                          )
22                                        )
                                          )
23  _____)

24

25     **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

26     **PLEASE TAKE NOTICE** that on January 24, 2022, at 1:30 p.m., or as soon
27
28  thereafter as the matter may be heard in Department 9B of this Court, Plaintiff

TINEISHA MILES (hereinafter, "Plaintiff" or "Ms. Miles") will oppose the motion

by Defendant FITNESS INTERNATIONAL, LLC (hereinafter "Defendant") to

dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) or Transfer

Venue pursuant to 28 U.S.C. § 1404.  Contrary to Defendant's assertions, Plaintiff

has met the jurisdictional amount in controversy required by 28 U.S.C. § 1332 (a).

Further, Defendant has not successfully established the non-diversity of the parties in

this case. Additionally, venue is appropriate in the Central District of California

pursuant to 28 USC 1391 (b) and transfer to the Western District of Tennessee is not

warranted under 28 U.S.C. § 1404.


DATED: January 13, 2022

By: /s/ Keith Altman
       Law Office of Keith Altman
       33228 West 12 Mile Road, Suite 375
       Farmington Hills, Michigan 48331
       Telephone: (248) 987-8929
       keithaltman@kaltmanlaw.com
       Attorney for Plaintiff Tineisha Miles

## TABLE OF CONTENTS

I.     STATEMENT OF RELEVANT FACTS ............................................................ 8

II.    THE COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF

       SUBJECT MATTER JURISIDICTION ........................................................ 10

       a.  Plaintiff Has Adequately Established The Amount In Controversy

           For Purposes of 28 U.S.C. §1332(a) ................................................ 10

       b.  Defendant Has Failed To Demonstrate That Diversity of Citizenship

           Between The Parties In The Instant Case Does Not Exist ............... 14

III.   THE INSTANT CASE SHOULD NOT BE TRANSFERRED TO THE

       WESTERN DISTRICT OF TENNESSEE ...................................................... 17

       a.  Venue is proper within the Central District of California ............... 17

       b.  Defendant Has Not Demonstrated That The Instant Case Could

           Have Been Brought In The Western District of Tennessee. ............. 17

       c.  Convenience And Fairness Factors Do Not Weigh In Favor of

           Transfer ............................................................................................ 19

IV.    CONCLUSION ............................................................................................ 21

# TABLE OF AUTHORITIES

**Cases**

*Bondali v. Yum! Brands, Inc.*, 2013 U.S. Dist. LEXIS 196916 (C.D. Cal. May 1, 2013) ................................................................................................................16

*Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) ........................15

*Bureerong v. Uvawas*, 922 F. Supp. 1450 (C.D. Cal. 1996) ..........................................9

*Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044 (N.D. Cal. 2001) ....16

*Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082 (9th Cir. 2014) .......13, 18

*Christensen v. Nw. Airlines, Inc.*, 633 F.2d 529 (9th Cir. 1980) ...................................7

*Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016 (S.D. Cal. 2000) ...............................9

*Courtesy Chevrolet, Inc. v. Tennessee Walking Horse Ass'n*, 344 F.2d 860 (9th Cir. 1965) ................................................................................................................16

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ............................................................14

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986) .........15

*Delay v. Rosenthal Collins Group, LLC.*, 585 F.3d 1003 (6th Cir. 2009) ..................12

*Diefenthal v. Civil Aeronautics Bd.*, 681 F.2d 1039 (5th Cir. 1982) ............................8

*Erie R.R. v. Tompkins*, 304 U.S. 64 (1938) ..................................................................9

*G.D. Searle & Co. v. Super. Ct.* (1975) 49 Cal.App.3d 22 ........................................10

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ....................................................7, 8

*GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29 (3d Cir. 2018) .........13

*Ginda v. Exel Logistics, Inc.*, 42 F. Supp. 2d 1019 (E.D. Cal. 1999) .........................10

*Grieves v. Superior Court* (1984) 157 Cal.App.3d 159.................................................11

*Hanna v. Plumer*, 380 U.S. 460 (1965) ........................................................................9

*Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208 (S.D. Cal. 2013)....................14

*Johnson & Johnson Consumer Prods.*, 212 F.3d 493 (9th Cir. 2000) .........................8

*Johnson v. Columbia Props. Anchorage, LP.*, 437 F.3d 894 (9th Cir. 2006) .............12

*Kuchta v. Allied Builders Corp.* (1971) 21 Cal. App. 3d 541 ......................................9

*Laguardia v. Designer Brands, Inc.*, 2020 U.S. Dist. LEXIS 88142 (S.D. Cal. May 7, 2020).........................................................................................................................15

*Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015) ....................13

*Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62 (9th Cir. 2011)........................................................................................................................12

*Love v. United States*, 915 F.2d 1242 (9th Cir. 1989) ...................................................7

*McQuillion v. Schwarzenegger*, 369 F.3d 1091 (9th Cir. 2004) ................................18

*Miranda v. Reno*, 238 F.3d 1156 (9th Cir. 2001) ..........................................................7

*Monster Energy Co. v. Martin* 2017 U.S. Dist. LEXIS 230089 (C.D. Cal. Nov. 30, 2017).........................................................................................................................13

*Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826 (1989) ..................................12

*Nordby Constr., Inc. v. Am. Safety Indem. Co.* 2015 U.S. Dist. LEXIS 34513 (N.D. Cal. Mar. 19, 2015) ..................................................................................................9

*Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949 (9th Cir. 1968) ..............................15

OPPOSITION TO MOTION TO DISMISS

*Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals*, Inc., 943 F.3d 613 (2d Cir. 2019) .................................................................................................13

*Popescu v. Jack LaLanne Fitness Ctrs*., 1992 U.S. App. LEXIS 33742 (9th Cir. Dec. 14, 1992) .....................................................................................................8

*Royal Queentex Enters. v. Sara Lee Corp*., 2000 U.S. Dist. LEXIS 10139 (N.D. Cal. Mar. 1, 2000) ...................................................................................................16

*Somera v. Indymac Fed. Bank* 2010 U.S. Dist. LEXIS 19256 (E.D. Cal. Mar. 3, 2010) ...................................................................................................................9

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)...........................7

*Ucc Mfg. v. Research & Results Eng'g* 2018 U.S. Dist. LEXIS 245084 (C.D. Cal. Aug. 7, 2018) ...................................................................................................14

*United States ex rel. Brooks v. Stevens-Henager Coll., Inc.*, 2015 U.S. Dist. LEXIS 22814 (D. Idaho Feb. 23, 2015) ...................................................................16

*Velez v. Roche*, 335 F. Supp. 2d 1022 (N.D. Cal. 2004) ...........................................8

*Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151 (N.D. Cal. 2009)...............14

*Wasson v. LogMeIn, Inc.*, 2018 U.S. Dist. LEXIS 223718 (C.D. Cal. Nov. 2, 2018) 16

*Weeks v. Baker & McKenzie*, (1998) 63 Cal. App. 4th 1128 ....................................10

Zhang *v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020 (9th Cir. 2003)..............................8

**Statutes**

28 U.S.C. § 1391(b) ..................................................................................................13

28 U.S.C. §1332(a) .....................................................................................................7

28 U.S.C. §1404.............................................................................4, 14, 16, 17

28 U.S.C. 1391(c )(2).............................................................................13, 14

**Rules**

California Civil Code § 3294.......................................................................8, 9

California Civil Code § 3294 (a) .................................................................9, 10

California Civil Code § 3294 (b) ...................................................................10

Federal Rule of Civil Procedure, Rule 12(b)(1) ...........................................4

Federal Rule of Civil Procedure, Rule 15(a)(2) ...........................................18

OPPOSITION TO MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Tineisha Miles (hereinafter, "Plaintiff" or "Ms. Miles), respectfully submits the following memorandum of points and authorities in support of her opposition to the Motion filed by Defendant FITNESS INTERNATIONAL, LLC (hereinafter, "fitness or "Defendant") to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, transfer venue pursuant to 28 U.S.C. §1404 to the United States District Court for the Western District of Tennessee.

## I.   STATEMENT OF RELEVANT FACTS

Ms. Miles brings this action because of the sexual misconduct she was subjected to while she was a client of Defendant.  In June of 2020, Ms. Miles began attending personal training sessions at a gym operated by Defendant located at 1285 Ridgeway Road, Memphis, Tennessee, 38119. [Complaint (Dkt. No. 1) at ¶7-8.]  The trainer assigned to Ms. Miles was an employee and/or an independent contractor for Defendant named Willie L. Bradberry (hereinafter "Mr. Bradberry"). [Complaint (Dkt. No. 1) at ¶9.]  Almost immediately after her training sessions began, Mr. Bradberry began behaving in an extremely sexually inappropriate manner towards Ms. Miles. [Complaint (Dkt. No. 1) at ¶12.]

During training sessions, Mr. Bradberry made unmistakably sexually suggestive comments towards Ms. Miles, including commenting on Ms. Miles' breasts and thighs, referring to them as "so nice" [Complaint (Dkt. No. 1) at ¶13.],

asking Ms. Miles if her nipples were pierced [Complaint (Dkt. No. 1) at ¶16.], expressing his desire to lick Ms. Miles' toes *Id.* and offering to perform oral sex on Ms. Miles *Id.*  Mr. Bradberry also touched Ms. Miles in a sexually inappropriate manner, going so far as to press his erect penis against her.  [Complaint (Dkt. No. 1) at ¶16.].

Ms. Miles was deeply disturbed by this behavior, and to no avail, repeatedly asked Mr. Bradberry to control himself.  [Complaint (Dkt. No. 1) at ¶17.]  After Mr. Bradberry refused to stop his inappropriate behavior, Ms. Miles attempted to report his behavior to Defendant's management.  [Complaint (Dkt. No. 1) at ¶18.] However, Ms. Miles was told that there was no manager available to talk to, and after telling the front desk staff about Mr. Bradberry's inappropriate behavior, was told that Mr. Bradberry had been transferred to another LA Fitness location.  [Complaint (Dkt. No. 1) at ¶19-21.]  As a result of these interactions, Ms. Miles no longer felt safe attending Defendant's gym.  [Complaint (Dkt. No. 1) at ¶26.]

Over the course of months, Ms. Miles continued attempting to contact Defendant's management in order to initiate an investigation against Mr. Bradberry and to cancel her gym membership. [Complaint (Dkt. No. 1) at ¶27.]  While Ms. Miles was finally able to cancel her membership in November of 2020, Defendant never launched an investigation into Mr. Bradberry's sexual misconduct against Ms. Miles.  [Complaint (Dkt. No. 1) at ¶23 and 28.]  As a result of Defendants' inactions,

Ms. Miles has suffered from immense emotional harm and feelings of helplessness.

[Complaint (Dkt. No. 1) at ¶36, 43, 50, 57, 66, 76.]

## II.   THE COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISIDICTION

### a.   Plaintiff Has Adequately Established The Amount In Controversy For Purposes of 28 U.S.C. §1332(a)

Federal Courts have continually reiterated that a complaint filed in Federal

Court on the basis of Diversity Jurisdiction, should not be dismissed for failing to

meet the amount in controversy requirement unless it appears to *a legal certainty* that

the claim cannot reach the jurisdictional threshold. *St. Paul Mercury Indem. Co. v.

Red Cab Co.*, 303 U.S. 283, 288-290 (1938); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566

(9th Cir. 1992). Defendant challenges the amount in controversy requirement in the

present case by erroneously arguing that emotional damages are categorically unable

to reach the $75,000 threshold of 28 U.S.C. §1332(a). [Motion to Dismiss (Dkt. No.

14) at Page ID # 42].  Defendants further argue that the complaint has failed to

adequately plead punitive damages. *Id*.  Because Defendant's challenges to the

Amount in Controversy are based solely on the allegations contained in Ms. Miles's

complaint, this challenge *is facial* in nature. *Miranda v. Reno*, 238 F.3d 1156, 1157

n.1 (9th Cir. 2001).  For this reason, the challenged allegations in the complaint must

be accepted as true for purposes of judicial review. *Love v. United States*, 915 F.2d

1242, 1245 (9th Cir. 1989).

Defendant's statement that "Under well-established federal authority, injuries arising from personal (i.e., emotional) damages are insufficient to meet the jurisdictional threshold" is incorrect.  [Motion to Dismiss (Dkt. No. 14) at Page ID # 42].   The cases cited by Defendant in support of this proposition are inapposite because they do not hold that emotional damages are categorically unable to reach $75,000. Rather, they only hold that in those *individual cases*, the emotional damages were insufficient to reach $75,000.  *Christensen v. Nw. Airlines, Inc.*, 633 F.2d 529 (9th Cir. 1980) (Mere allegation of discourteous conduct insufficient to reach jurisdictional threshold); *Diefenthal v. Civil Aeronautics Bd.*, 681 F.2d 1039 (5th Cir. 1982) (Brusque speech from a flight attendant does not constitute tortious behavior); *Popescu v. Jack LaLanne Fitness Ctrs.*, 1992 U.S. App. LEXIS 33742 (9th Cir. Dec. 14, 1992) (A rude phone call did not justify a $10,000 claim for emotional distress).

The 9th Circuit is in fact replete with cases in which Plaintiffs have been awarded more than $75,000 purely for emotional damages.  *Velez v. Roche*, 335 F. Supp. 2d 1022, 1041 (N.D. Cal. 2004) (Awarding $300,000 in emotional distress damages); Zhang *v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1040 (9th Cir. 2003) (Upholding over $200,000 in emotional distress damages); *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 512-513 (9th Cir. 2000) (Upholding $1,000,000 in emotional distress damages).  Given the subjective nature of emotional damages, Courts have recognized that such awards are best left to the sound discretion of a jury.  *Velez*, 335 F. Supp. 2d 1022 at 1038 (N.D. Cal. 2004).  At this

early stage of litigation therefore, it is far from a "legal certainty" that Ms. Miles's emotional damages will fall short of $75,000.  *Gaus*, 980 F.2d 564 at 566.

However, in the instant case, Ms. Miles need not rely solely on emotional damages to reach the jurisdictional threshold because the Complaint also asserts punitive damages as well as attorney's fees.  [Complaint (Dkt. No. 1) at Page ID # 11].  Defendant attacks Ms. Miles's claim for punitive damages by claiming that the Complaint did not plead facts with enough specificity to satisfy California Civil Code § 3294.  [Motion to Dismiss (Dkt. No. 14) at Page ID # 43].  However, it is well established that Federal Courts sitting in diversity must apply State substantive law and *federal* procedural rules.  *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1018 (S.D. Cal. 2000) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).   The Federal Rules of Civil Procedure control in Federal Courts when they conflict with state law. *Hanna v. Plumer*, 380 U.S. 460 (1965).  For this reason, Federal Courts in California have held that California Civil Code § 3294 irreconcilably conflicts with Federal Rule of Civil Procedure 8 and 9, and therefore does not apply to cases sitting in diversity in California Federal Courts.  *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1480 (C.D. Cal. 1996);  *Nordby Constr., Inc. v. Am. Safety Indem. Co.*, No. 14-CV-04074-LHK, 2015 U.S. Dist. LEXIS 34513, at *46 (N.D. Cal. Mar. 19, 2015); *Clark*, 106 F. Supp. 2d 1016 at 1018 (S.D. Cal. 2000); *Somera v. Indymac Fed. Bank*, FSB, No. 09-1947, 2010 U.S. Dist. LEXIS 19256 (E.D. Cal. Mar. 3, 2010).  Therefore, because the instant case was filed in a Federal Court and currently sits in Diversity Jurisdiction,

the pleading standards of California Civil Code § 3294 do not apply to Ms. Miles's complaint with respect to her claims for punitive damages.

However, even assuming that California Civil Code § 3294 did apply in the instant case, Ms. Miles's claims for punitive damages would still meet the pleading standards.  In order to sustain punitive damages again an employer such as the Defendant, § 3294 (a) provides that a complaint must first plead specific facts that an employee engaged in intentional wrongdoing against the Plaintiff.[1]  California Civil Code § 3294 (a); *G.D. Searle & Co. v. Super. Ct.* (1975) 49 Cal.App.3d 22, 30. Second, the complaint must plead that that their employer:

> had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. California Civil Code § 3294 (b)

An employer ratifies the actions of their employee, when after being made aware of an employee's intentional wrongdoing, fails to take any action to protect others from that wrongdoing.  *Weeks v. Baker & McKenzie*, (1998) 63 Cal. App. 4th 1128, 1157-58; *Ginda v. Exel Logistics, Inc.*, 42 F. Supp. 2d 1019, 1020

---

[1] An independent contractor may be considered an "employee" of a business entity for purposes of § 3294 when, as in the instant case, the business entity exercises significant control over the independent contractor.  *Kuchta v. Allied Builders Corp.* (1971) 21 Cal. App. 3d 541, 547.

(E.D. Cal. 1999).  Third, California Civil Code § 3294 (b) specifies that: "With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation."

Here all three of these elements are present.  Ms. Miles alleges that she was the victim of intentional sexual misconduct at the hands of an employee and/or independent contractor of the Defendant.  [Complaint (Dkt. No. 1) at ¶12-16.].  Ms. Miles further alleges that she informed Defendant of the wrongdoing that she suffered and that Defendant did nothing to investigate her claims or discipline the wrongdoer. [Complaint (Dkt. No. 1) at ¶23 and 28.].  Finally, Ms. Miles alleges that she specifically informed a member of Defendant's management about the harm she suffered.  [Complaint (Dkt. No. 1) at ¶ 27.].  Accordingly, Ms. Miles' complaint complies with the pleading requirements of California Civil Code § 3294.  *Grieves v. Superior Court* (1984) 157 Cal.App.3d 159, 166.

**b.**   **Defendant Has Failed To Demonstrate That Diversity of Citizenship Between The Parties In The Instant Case Does Not Exist**

Defendant brings a factual challenge to the existence of diversity between the parties in the instant case.   [Motion to Dismiss (Dkt. No. 14) at Page ID # 45]. Specifically, Defendant contends that Fitness International LLC has five members, one of which, Brawn Holdings, LLC, is itself made up of two Delaware limited partnerships, which in turn are made up collectively of 219 limited partners.  [Wilson

Decl., at ¶8.].  Of these 219 limited partners, Defendant asserts that some portion of them are domiciled in and citizens of Tennessee.  *Id.*  Defendant further asserts that because an LLC shares the citizenship of its members and sub members, diversity jurisdiction is destroyed in the instant case by the existence of this Tennessee based Limited Partner.  [Motion to Dismiss (Dkt. No. 14) at Page ID # 47].

In essence, Defendant's position is that when a sub-member of a sub-member of a member of an LLC shares citizenship with a Plaintiff, diversity jurisdiction is destroyed.   While the 9th circuit has held that LLC's share the citizenship of their members, it has not gone so far as to hold that an LLC shares the citizenship of sub members of sub members of members. *Johnson v. Columbia Props. Anchorage, LP.*, 437 F.3d 894 (9th Cir. 2006).  Defendant cites to *Delay v. Rosenthal Collins Group, LLC.*, 585 F.3d 1003 (6th Cir. 2009) in support of their position.   However, *Delay* is not binding caselaw in the 9th circuit, and it holds only that citizenship of a sub-member of a member of an LLC is relevant for purposes of diversity.  *Id.* at 1005.  This is distinguishable from Defendant's position that the citizenship of a sub-member *of a sub-member* of a member of an LLC is relevant for purposes of diversity.  Defendant's citation to *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62 (9th Cir. 2011) also fails to bolster their position because it does not bear on the question of how many layers of LLC sub-membership a Court must look for purposes of diversity for that LLC.  For these reasons, the Defendant

has failed to demonstrate that diversity of citizenship does not exist between the parties in this case.

Furthermore, Defendant has, at this stage, provided very little information regarding the citizenship of these allegedly non diverse limited partners. Defendant has not stated whether these limited partners are individual people or business entities.  If they are individual people, their citizenship is going to depend on an analysis of whether they are "domiciled" within that state. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828 (1989).  If, however, the limited partners are business entities, their citizenship will depend on factors such as: their place of incorporation, their primary place of business, the citizenship of their constituent members. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018).  Plaintiff cannot adequately respond to Defendant's assertion of non-diversity without access to this information and this information is not publicly available. Thus, in the event that this Court does not deny Defendants' motion to dismiss, Plaintiff would ask for some preliminary discovery for the purpose of establishing the citizenship of the allegedly non-diverse parties.  *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087-1088 (9th Cir. 2014); *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals*, Inc., 943 F.3d 613, 617-618 (2d Cir. 2019); *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 102 (3d Cir. 2015).

///

///

## III.   THE INSTANT CASE SHOULD NOT BE TRANSFERRED TO THE WESTERN DISTRICT OF TENNESSEE

### a.   Venue is proper within the Central District of California

28 U.S.C. § 1391(b) provides that venue is proper in a "judicial district in which any defendant resides".  This Court has held that an LLC Defendant is deemed to "reside" in any judicial district in which that LLC Defendant is subject to Personal Jurisdiction.  *Monster Energy Co. v. Martin*, No. ED CV 17-01677-AB (SHKx), 2017 U.S. Dist. LEXIS 230089, at *5-7 (C.D. Cal. Nov. 30, 2017); 28 U.S.C. 1391(c)(2).  By its own admission, Defendant has its principal place of business in Irvine California, which is located squarely within The Central District of California. [Wilson Decl., at ¶2.].  Because Defendant's principal place of business is located within the Central District of California, this Court has General Personal Jurisdiction over the Defendant.  *Daimler AG v. Bauman*, 571 U.S. 117 (2014).  Because Defendant is subject to Personal Jurisdiction within the Central District of California, Venue is proper in the Central District of California.  28 U.S.C. 1391 (c)(2).

### b.   Defendant Has Not Demonstrated That The Instant Case Could Have Been Brought In The Western District of Tennessee.

As a threshold matter with respect to their § 1404 (a) transfer motion, Defendants have the burden of demonstrating that the action in question could have been brought within another jurisdiction.  *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155 (N.D. Cal. 2009); *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1213 (S.D. Cal. 2013).  In the context of a § 1404 (a) transfer motion, any

court that has subject matter jurisdiction over the claims, personal jurisdiction over the defendant, and where venue is proper, is one where the action "could have been brought". *Ucc Mfg. v. Research & Results Eng'g*, No. SA CV 18-0905-DOC (SSx), 2018 U.S. Dist. LEXIS 245084, at *8 (C.D. Cal. Aug. 7, 2018).   Here, Defendants argue that venue for the instant case is proper within the Western District of Tennessee.  [Motion to Dismiss (Dkt. No. 14) at Page ID # 48].

For purposes of Venue, a business entity resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question" 28 U.S.C. 1391(c)(2). However, Defendant has failed to demonstrate that personal jurisdiction would be proper over the Defendant within the Western District of Tennessee.  On this point, Defendant states only that they are " qualified to do business in Tennessee, has a registered agent for service of process in Tennessee, and there is therefore no objection to jurisdiction in Tennessee." [Motion to Dismiss (Dkt. No. 14) at Page ID # 48].  However, this statement without more does not provide any substantive analysis as to how or why Defendant would be subject to general or specific personal jurisdiction within the Western District of Tennessee.  *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017). Because Defendants have failed to meet their burden of establishing Personal Jurisdiction within the Western District of Tennessee, they have failed to establish that Venue is proper within the Western District of Tennessee.

### c.   <u>Convenience And Fairness Factors Do Not Weigh In Favor of Transfer</u>

Contrary to Defendant's assertions, a Plaintiff's choice of forum is entitled to significant deference and should only be contravened upon a *strong showing* of inconvenience by a Defendant.  *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir. 1986).  This deference is bolstered when the Defendant has strong "business contacts" to the forum state.  *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).  Typically, the deference given to Plaintiff's choice of forum is not diminished unless it be shown that the Defendant lacks a substantial connection to the Plaintiff's chosen venue.  *Laguardia v. Designer Brands, Inc.*, No. 19cv1568 JM(BLM), 2020 U.S. Dist. LEXIS 88142, at *13 (S.D. Cal. May 7, 2020); *Wasson v. LogMeIn, Inc.*, No. CV 18-7285 PA (GJSx), 2018 U.S. Dist. LEXIS 223718, at *5-6 (C.D. Cal. Nov. 2, 2018); *United States ex rel. Brooks v. Stevens-Henager Coll., Inc.*, No. 1:13-cv-00009-BLW, 2015 U.S. Dist. LEXIS 22814, at *20 (D. Idaho Feb. 23, 2015). Given that Defendant's principal place of business located within the Central District of California, The Defendant certainly has substantial "business contacts" with this Venue.  *Bondali v. Yum! Brands, Inc.*, No. SACV 13-117-JST (JPRx), 2013 U.S. Dist. LEXIS 196916, at *11-12 (C.D. Cal. May 1, 2013). Furthermore, although, the events pertaining to the instant case took place in Tennessee, the Central District of California is actually *a more* convenient venue for Defendants given their substantial presence in the district.  *Courtesy Chevrolet, Inc. v. Tennessee Walking Horse Ass'n*, 344 F.2d 860, 865 (9th Cir. 1965) (Reiterating that

challenges to a Plaintiff's choice of forum are typically framed through inconvenience to the Defendant).  For these reasons, Ms. Miles should retain substantial deference as to her choice of venue.

With respect to convenience to potential witnesses, California Federal Courts have held that in order to demonstrate witness inconvenience, a moving party to a § 1404 (a) motion should "produce evidence information regarding the identity and location of the witnesses, the content of their testimony, and why such action is relevant to the action.  *Royal Queentex Enters. v. Sara Lee Corp.*, No. C 99-4787 MJJ, 2000 U.S. Dist. LEXIS 10139, at *18-19 (N.D. Cal. Mar. 1, 2000); *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1049 (N.D. Cal. 2001).  No witnesses have yet been identified at this early stage of litigation and Defendants have therefore included none in their motion.  Thus, as the moving party for the § 1404 (a) portion of their motion, Defendants have failed to demonstrate a lack of convenience to witnesses.  *Id.*

Furthermore, it must be noted that the Covid-19 pandemic has made the elicitation of witness testimony through video conferencing technology much more common.  To the extent that witnesses are located outside of the Central District of California, their testimony can be captured during depositions or hearings that are conducted via video conferencing technology.  Similarly, with respect to east of access to the evidence, much of the evidence will be electronic in nature, which will

make it easily transmissible.  Thus, these two factors do not weigh in favor of transfer.

The claims brought in the instant case are relatively common cases of action sounding in Tort and Breach of Contract.  Furthermore, they are not based on any state statute therefore do not require a specialized understanding of a state-specific cause of action.  Thus, the factor of familiarity with the applicable law does not weigh in favor of transfer.

With respect to local interest, the fact that this case pertains to a Defendant located within the Central District of California weighs this factor in favor of the Central District of California.  We agree with Defendant that the factors of consolidation of claims and court congestion are neutral.

## IV.    **CONCLUSION**

For each of the foregoing reasons, Plaintiff Tineisha Miles respectfully requests that Defendant's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) be denied. Alternatively, Plaintiff asks that this Court grant leave for preliminary discovery for the purpose of verifying the citizenship of Defendant for purposes of Diversity.  Additionally, Plaintiff  respectfully requests that the Court deny Defendant's motion to transfer the case to the U.S. District Court for the Western District of Tennessee pursuant to 28 U.S.C. § 1404.  In the event that Defendant's motion is granted, Plaintiff respectfully asks that this court grant leave to amend the complaint. *McQuillion v.*

*Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004); *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082 (9th Cir. 2014); Fed. R. Civ. P. 15(a)(2).

DATED: January 13, 2022

By: /s/ Keith Altman
    Law Office of Keith Altman
    33228 West 12 Mile Road, Suite 375
    Farmington Hills, Michigan 48331
    Telephone: (248) 987-8929
    keithaltman@kaltmanlaw.com
    *Attorney for Plaintiff Tineisha Miles*