YOKA | SMITH, LLP
ALICE CHEN SMITH (Bar No. 251654)
asmith@yokasmith.com
CHRISTINE C. DE METRUIS (Bar No. 203610)
cdemetruis@yokasmith.com
445 South Figueroa Street, 38th Floor
Los Angeles, California 90071
Phone: (213) 427-2300
Facsimile: (213) 427-2330

Attorneys for Defendant, FITNESS INTERNATIONAL, LLC (erroneously sued as "FITNESS INTERNATIONAL, LLC d/b/a LA FITNESS")

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TINEISHA MILES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FITNESS INTERNATIONAL, LLC.<br>d/b/a LA FITNESS<br><br>　　　　　Defendant. | Case No.: 8:21-cv-01131-CJC-JDE<br><br>DEFENDANT FITNESS INTERNATIONAL, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (F.R.C.P. 12(b)(1)) AND/OR TO TRANSFER VENUE (28 § U.S.C. 1404)<br><br>**NEW DATE:** February 7, 2022<br>TIME:　1:30 p.m.<br>DEPT.:　9B |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

　　　Defendant FITNESS INTERNATIONAL, LLC (hereinafter "Fitness") respectfully submits the following reply to plaintiff TINEISHA MILES' (hereinafter "Plaintiff") Opposition to Fitness' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) or Transfer Venue pursuant to 28 U.SC. § 1404.

///

## I. INTRODUCTION

Plaintiff's Opposition fails to put forth a credible argument to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). There is no dispute that Plaintiff's claimed monetary damages are at most $370.00, far below the federal jurisdictional limits. To make up for this defect, Plaintiff asserts that her claims for emotional distress and punitive damages satisfy the jurisdictional limits. However, as discussed in Fitness' moving papers and below, Plaintiff cannot support federal jurisdiction through claims of emotional distress damages or conclusory allegations regarding punitive damages.

Putting aside Plaintiff's failure to meet the amount in controversy threshold, Plaintiff's conclusory allegation of complete diversity between the parties fails as a matter of law, as one of Fitness' members, Brawn Holdings, LLC, is not diverse from Plaintiff.

Finally, to the extent this Court finds that Plaintiff has met the threshold requirements for diversity jurisdiction, there is no reason for this case to be venued in California. All of the alleged conduct occurred in Tennessee, and all of the witnesses and evidence are located in Tennessee. Plaintiff is a resident of Tennessee, and has no articulated connection with California. Further, there is no genuine dispute that Fitness, who owns and operates several gym facilities in Tennessee, is subject to personal jurisdiction in that State. As such, transferring this case to the District Court of the Western District of Tennessee pursuant 28 U.S.C. 1404 is warranted.

## II. THE COURT LACKS SUBJECT MATTER JURISDICTION

As the party seeking to invoke federal jurisdiction, Plaintiff bears the burden of pleading and proving the essential elements diversity jurisdiction. *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016); *McNutt v, General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Plaintiff has not and cannot do so.

### A. Plaintiff Has Not Established That The Amount In Controversy Exceeds $75,000

Plaintiff has the burden of establishing that her claims meet the $75,000

jurisdictional threshold; if it appears to a legal certainty that the claim is actually for less, the Court lacks jurisdiction and must dismiss the action. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1936); *McNutt, supra,* 298 U.S. at 189. Here, Plaintiff fails to establish the amount in controversy exceeds $75,000.

There is no dispute that Plaintiff's alleges money damages of only $370.00. [Complaint (Dkt. No. 1), at ¶¶30-31.] As such, to meet the jurisdictional limits, Plaintiff relies solely on her claim for emotional distress damages and punitive damages. However, as discussed in Fitness' moving papers, and as set forth below, Plaintiff's reliance on such damages is misplaced.

Federal courts have long held that injuries arising from personal (emotional) damages are insufficient to meet the jurisdictional threshold. *Christensen v. Northwest Airlines, Inc.*, 633 F.2d 529, 530-531 (9th Cir. 1980) is instructive. In *Christensen*, plaintiff, and airline customer, claimed general and punitive damages for anger and embarrassment suffered from alleged discourteous conduct by airline employees. The district court's order of dismissal was affirmed by the Ninth Circuit because "[i]t is clear to a legal certainty that appellant's unliquidated tort claim could not sustain a judgment over [the jurisdictional minimum]." *Christensen, supra,* 633 F.2d at 530-531.

Here, as in *Christensen,* it is clear that Plaintiff's unliquidated claim cannot sustain a judgment over $75,000. The basis for Plaintiff's claim of emotional distress is that Fitness trainer, Willie Bradberry, allegedly made sexually explicit comments to her, and touched her inappropriately, during the four (4) training sessions she had with him; although Plaintiff admits she only brought the alleged conduct to Fitness' attention *after* the alleged conduct had ended. [Complaint (Dkt. No. 1) at ¶¶11-21.] Even assuming for the purpose of this Motion that these facts are true, Plaintiff has not alleged any physical or emotional effects these four (4) encounters with Mr. Bradberry allegedly had on her outside of the general and conclusory allegation that Plaintiff "has suffered from and continues to suffer from emotional distress and loss of enjoyment of life." [Complaint (Dkt. No. 1) at ¶¶43, 50, 57, 66, 76.] Put simply, these allegations are

insufficient to support her contention that Plaintiff's alleged emotional distress damages amount to $75,000.  "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982) ("humiliation" in sufficient to meet jurisdictional threshold).

In her Opposition, Plaintiff cites to numerous cases to demonstrate that jury awards for emotional distress damages can be substantial.  [Opp. (Dkt. No. 24), at 11:17-12:2.]  Plaintiff's argument completely misses the mark for three fundamental reasons. First, none of the cases relied on by Plaintiff involve diversity jurisdiction, but are instead employment discrimination cases brought under federal statutes, and thus involve federal question jurisdiction.  *See Velez v. Roche*, 335 F.Supp.2d 1022 (N.D. Cal. 2004) and *Pissantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493 (9th Cir. 2000) [both brought under Title VII], or 42 U.S.C. 1981 (*Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020 (9th Cir. 2000) [brough under 42 U.S.C. 1981].

Second, none of the cases address the standards applicable to meeting the "amount in controversy" requirement for diversity jurisdiction.

Third, Plaintiff's speculation that she *could* obtain a large award for emotional distress damages is simply insufficient to support her contention that the jurisdictional requirements have been met:  "A speculative argument regarding the potential value of the award is insufficient" to establish the amount in controversy.  *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998).

As to Plaintiff's punitive damages claim, Fitness does not dispute that such a claim may be considered when determining the amount in controversy.  However, Plaintiff has not alleged facts sufficient to support any such claim.  [See Motion (Dkt. No. 14), at pp.10-12.]  In her Opposition, Plaintiff contends that under federal pleading standards, her conclusory punitive damages are sufficient, or alternatively, that she has adequately stated a claim for punitive damages.  [Opp. (Dkt. No. 24), at pp. 10-14.]

Plaintiff is incorrect.

Plaintiff's reliance on *Clark v. Allstate Ins. Co.*, 106 F.Supp.2d 1016 (S.D. Cal. 2000) and its progeny wholesale ignore the Supreme Court rulings *in Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*") and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*"). In Twombly, the Supreme Court held that while a pleading does not need detailed factual allegations, "a plaintiff's obligation to provide 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not due … Factual allegations must be enough to raise a right to relief above the speculative level…." *Twombly, supra,* 550 U.S. at 555. *See also Iqbal, supra,* 556 U.S. at 677-678.

In *Kelley v. Corrs. Corp. of Am.*, 750 F.Supp.2d 1132 (E.D. Cal. 2010) the court correctly concluded that the pleading standards in *Twombly* and *Iqbal* are applicable to a claim for punitive damages in federal diversity cases. *Id.* at 1146-1147. While the *Kelley* court observed that the conclusory assertions of fraud, malice, and oppression were sufficient pre-*Twombly* and *Iqbal* in diversity actions, the court also concluded that "the application of the pleading standards in *Twombly* and *Iqbal* to claims for punitive damages under California law serves the salutary purpose of harmonizing standards applicable to state and federal proceedings while avoiding unnecessary pleading distinctions between consequential and punitive damages claims." *Id*. at 1147; *See also MCI Communications Services Inc. v. Security Paving Company, Inc*., 2016 WL 1436521 (E.D. April 12, 2016), at p. 4.

Numerous cases in the Central District of California have also found the reasoning of *Kelley* persuasive, and applied the standards set forth in *Twombly* and *Iqbal* when considering motions to dismiss punitive damages. *See e.g. Bouncing Angels, Inc. v. The Burlington Insurance Company*, 2017 WL 1294004, at p.2-4 (C.D. Cal. 2017) (ruling that "Plaintiff must still satisfy the requirements of *Twombly* and *Iqbal*" and finding that plaintiff failed to plead facts sufficient to support a punitive damages claim); *Khan v. 7-Eleven, Inc*., 2015 WL 12743691, at p. 2 (C.D. Cal. 2015) (concluding "that

the reasoning of *Kelley* is persuasive, especially in light of California's heightened pleading standard" and that "given that punitive damages in California are authorized by statute, the Court finds no authority allowing a plaintiff to plead such a claim with bare assertions of malice or oppression."). *MV Universal, LLC v. Unisys Corporation*, 2012 WL 12896882 at p. 2, n. 1 (C.D. Cal. 2012) ("MV Universal has also failed to allege, beyond mere conclusions, that Unisys is 'guilty of oppression, fraud, or malice. Cal. Civil Code § 3294(a). It has pleaded no facts to support such conclusions, and neither can the Court infer such from the FAC. MV Universal's conclusory pleadings are therefore insufficient under *Twombly* and *Iqbal*.").

      Thus, contrary to Plaintiff's contention, the correct federal pleading standard closely approximates the standard in California. Here, Plaintiff alleges that she had four (4) training sessions with Mr. Bradberry, that he sexually harassed her during those sessions, and that she only informed Fitness *after* the harassment is alleged to have taken place. [Complaint (Dkt. No. 1) at ¶¶8-21.] Plaintiff fails to allege facts to support any inference that she reported or attempted to report the alleged conduct as it was occurring, or facts sufficient to support any claim Fitness knew or should have known of the alleged conduct while it was occurring. Plaintiff's conclusory allegations are insufficient as a matter of law to support a claim for punitive damages against Fitness under California Civil Code §3294, and should be disregarded. As explained in Fitness' moving papers, the facts alleged do not establish any reasonable inference that Fitness acted with the required oppression, fraud, or malice. As such, Plaintiff has not pled facts sufficient to establish entitlement to punitive damages, and thus has not established that her case meets the jurisdictional requirements for federal diversity jurisdiction.

      **B.**    **The Parties Are Not Completely Diverse**

      In addition to failing to establish the requisite amount in controversy, Plaintiff also cannot establish complete diversity between the parties. To establish diversity jurisdiction in a case involving a limited liability company, there must complete diversity of citizenship of each member of the limited liability company. *See generally Johnson*

*v. Columbia Properties Anchorage LP,* 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.") *Accord, Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 64 (9th Cir. 2011). If any member of an LLC is itself a partnership or limited liability company, the court must also consider the citizenship of each "sub-member" as well. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Zambelli Fireworks Mfg. Co., Inc. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010) ("[W]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC."). *See also White v. Terminix Intern, Inc.*, 2006 WL 1465009 (N.D. Cal. May 25, 2006), at p. 1 ("Furthermore, where a partnership has as one of its partners a second partnership, 'it is the citizenship of the partners of the second partnership that matters (and if those partners are themselves partnerships, the inquiry must continue to their partners and so on.)'" Citation omitted).

In support of its Motion, Fitness submitted the Declaration of Robert Wilson, Vice President and General Counsel at Fitness. [Wilson Decl. (Dkt. No. 14-2).] In his declaration, Mr. Wilson states that Fitness has five (5) members. One of the members, Brawn Holdings, LLC, has two members, both of which are limited partnerships, with a combined total of 219 limited members. Mr. Wilson further states that "[t][hose limited partners are domiciled in, and citizens of, the following States: …. Tennessee…." [Wilson Decl. (Dkt. No. 14-2), at ¶¶ 3, 8].

Importantly, Plaintiff offers no evidence to dispute Mr. Wilson's declaration, nor does Plaintiff object to it. Mr. Wilson's uncontradicted and uncontested declaration establishes that the parties are not diverse, and thus, the Court lacks jurisdiction.

Finally, Plaintiff's request for jurisdictional discovery must be denied. "Jurisdictional discovery is warranted when 'pertinent facts bearing on the question of jurisdiction are *controverted* …" It's not warranted when a plaintiff has no facts to support jurisdiction and is simply in search of some." *NuboNau v. NB Labs, Ltd.*,

2011WL 5237566, p. 5 (S.D. Cal. Oct. 31, 2011) (*quoting Data Disc., Inc. v. Systems Tech. Assoc., Inc.*, 557 F.3d 1280, 1285 n.1)(emphasis in original).  *See also Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) (affirming lower court's denial of jurisdictional discovery "which was based on little more than a hunch that it might yield jurisdictionally relevant facts.")

Here, Plaintiff has not provided any basis to support her request for jurisdictional discovery

### III.     ALTERNATIVELY, THE CASE SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF TENNESSEE

While Fitness maintains that no federal court has subject matter over this case as the requirements for diversity jurisdiction cannot be met, to the extent this Court disagrees, the case should be transferred to the District Court for the Western District of Tennessee pursuant to 28 U.S.C. § 1404.  As discussed below, Plaintiff has failed to articulate any valid basis for maintaining this action in the Central District of California.

The first step in determining whether to grant a motion to transfer is to ascertain whether the case could have been brought in the transferee district.  *Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960).  In her Opposition, Plaintiff incorrectly argues that venue is not proper in the Western District of Tennessee, as Fitness failed to demonstrate that it was subject to personal jurisdiction in that court.  [Opp. (Dkt. No. 24) at pp. 17-18]. Fitness has already stated that there is no objection to jurisdiction in Tennessee.  [Motion (Dkt. No. 14), at 16:19-20].  That alone should end the discussion.  Nor is there any genuine dispute that Fitness is subject to personal jurisdiction in the Central District of Tennessee.

The jurisdictional limits of Tennessee law and federal due process are coterminous.  *Bridgeport Music, Inc. v. Still N The Water Pub.,* 327 F.3d 472,477 (6th Cir. 2003) (*"*As '[t]he Tennessee long-arm statute has been interpreted as coterminous with the limits on personal jurisdiction imposed by the due process clause,' we address only whether exercising personal jurisdiction over Appellees is consistent with federal

due process requirements." (Citations omitted)).

Personal jurisdiction can be either general or specific. Specific jurisdiction exists if the following is met: (1) the defendant purposefully avails itself of the privilege of acting in the forum state; (2) the causes of action arise from the defendant's actions within that state; and (3) the acts of the defendant or the consequences of such actions must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable. *AlixPartners, LLP v. Brewington,* 836 F.3d 543 (6th Cir. 2016).

Fitness does not dispute the existence of all three factors here. First, Fitness is registered as a foreign limited liability company in Tennessee, qualified to do business in Tennessee, has an agent for service of process in Tennessee, and owns and operates several gyms in the State of Tennessee, including the subject gym. [Wilson Decl. (Dkt. No. 14-2), at ¶¶9, 10]; Plaintiff entered into a Membership Agreement with Fitness in Memphis, Tennessee, and Plaintiff's claims against Fitness arose out of the alleged conduct of a Fitness employee at one of Fitness' gym facilities in Tennessee [Complaint (Dkt. No. 1), at ¶¶7-17]. Finally, as all of the acts alleged by Plaintiff occurred in Tennessee, the exercise of jurisdiction in Tennessee is reasonable. Thus, all three of the factors for specific jurisdiction are present, and the District Court for the Western District of Tennessee has personal jurisdiction over Fitness. As such, the case could have been brought in that venue.

The second step in determining the propriety of transferring a case is to evaluate convenience to the parties and witnesses, and the interests of justice. *Hawkins v. Gerber Prod. Co.,* 924 F.Supp.2d 1208, 1212-1213 (S.D. Cal. 2013). In her Opposition, Plaintiff argues that California is "more convenient" as Fitness' has substantial contacts in California. [Opp. (Dkt. No. 24) at 19:26-27]. However, Plaintiff fails to explain why Fitness' *corporate* presence in California is relevant to the determination of where the case should be venued. Plaintiff's contention that Fitness failed to demonstrate lack of convenience for witnesses [Opp. (Dkt. No. 24), at 20:5-18] also fails, as all of the witnesses (Plaintiff, Mr. Bradberry and other Fitness employees to whom Plaintiff

reported, and persons who can support Plaintiff's damages) are located in Tennessee, as is all evidence. Nor is Plaintiff's argument that access to witnesses and evidence is easy due to videoconferencing and electronic service of documents [Opp. (Dkt. No. 24), at 20:20-21:2] compelling, as it ignores potential issues surrounding compliance with out-of-state subpoenas, and this Court's ability to enforce the same. Finally, Plaintiff fails to establish that California has a greater interest in this case than Tennessee, where all of the alleged acts, parties, witnesses and evidence is located. There is simply no reason why this action should be venued in California. As such, to the extent this Court finds that Plaintiff has met her burden of establishing diversity jurisdiction, the case should be transferred to the District Court for the Western District of Tennessee.

## IV. CONCLUSION

For each of the foregoing reasons, FITNESS INTERNATIONAL, LLC respectfully requests that the present action be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Alternatively, to the extent this Court finds that it has subject matter jurisdiction, Fitness respectfully requests that the Court transfer the case to the U.S. District Court for the Western District of Tennessee pursuant to 28 U.S.C. § 1404.

DATED: January 21, 2022         YOKA | SMITH, LLP

                                By: /s/ Christine C. De Metruis
                                    ALICE CHEN SMITH (Bar No. 251654)
                                    CHRISTINE C. DE METRUIS (Bar No. 203610)
                                    Attorneys for Defendant, FITNESS INTERNATIONAL, LLC