JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

TINEISHA MILES,

        Plaintiff,

  v.

FITNESS INTERNATIONAL, LLC,

        Defendant.

Case No.: SACV 21-01131-CJC(JDEx)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION [Dkt. 14]**

## I. INTRODUCTION & BACKGROUND

Plaintiff Tineisha Miles filed this action on June 29, 2021, alleging various negligence theories, sexual harassment, and breach of contract. (Dkt. 1 [Complaint, hereinafter "Compl."].) Plaintiff alleges that she was sexually harassed by a personal

trainer employed by Defendant Fitness International, LLC.  (*Id.* ¶¶ 12-17.)  Plaintiff asserts that the Court has diversity jurisdiction over this case.  (*Id.* ¶ 6.)  Plaintiff is a citizen and resident of Tennessee.  (*Id.* ¶ 1.)

Defendant now moves the Court to dismiss or, in the alternative, transfer this action.  (Dkt. 14 [Motion to Dismiss or Transfer, hereafter "Mot."].)  In support of its motion, Defendant submits the declaration of Robert Wilson, General Counsel and Senior Vice President for Defendant, who details the citizenship of the various business entities of which Defendant is comprised.  (Dkt. 14-2 [Declaration of Robert Wilson, hereafter "Wilson Decl."].)  According to Wilson, Defendant, an LLC, has five members, including Brawn Holdings, LLC.  (*Id.* ¶ 3.)  Brawn Holdings, LLC, in turn, is comprised of two limited partnerships which are in turn comprised of several limited partners, at least one of whom is domiciled in Tennessee.  (*Id.* ¶ 8.)  The Court finds that it does not have diversity jurisdiction over this matter and therefore **GRANTS** Defendant's motion.[1]

## II. ANALYSIS

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  In deciding a Federal Rule of Civil Procedure 12(b)(1) motion challenging subject matter jurisdiction, the burden of proving jurisdiction is on the party asserting jurisdiction.  *See id*.  A jurisdictional challenge brought under Federal Rule of Civil Procedure 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *see also Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (noting that a Rule 12(b)(1) motion

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for February 7, 2022, at 1:30 p.m. is hereby vacated and off calendar.

"may either attack the allegations of the complaint or . . . attack[] the existence of subject matter jurisdiction in fact"). When extrinsic evidence bearing on the court's jurisdiction is presented, "a court may look beyond the complaint . . . without having to convert the motion into one for summary judgment . . . [and] need not presume the truthfulness of the [complaint's] allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (internal citations omitted).

A district court has diversity jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and cost," and the action is "between citizens of different States." 28 U.S.C. § 1332(a)(1). A district court has diversity jurisdiction only if there is "complete diversity" between the parties, meaning that each plaintiff is a citizen of a different state than each defendant. *See id*.; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Partnerships and LLCs are citizens of each state of which their members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In *Carden v. Arkoma Assocs*., the Supreme Court held that limited partnerships are citizens of every state of which their partners are citizens, regardless of whether those partners are general or limited. 494 U.S. 18 U.S. 195–96 (1990).

The Court plainly does not have diversity jurisdiction over this case. Defendant has launched a "factual attack" by submitting Wilson's declaration, such that the Court can look past Plaintiff's Complaint. *See White*, 227 F.3d at 1242. Defendant, an LLC, is a citizen of each state of which its members are citizens. Brawn Holdings, LLC, is one of Defendant's members. As an LLC, Brawn Holdings, LLC is a citizen of each state of which its members are citizens. Brawn Holdings, LLC is comprised of two limited partnerships. Those limited partnerships are citizens of each state of which their members are partners. At least one of the limited partners that comprise those limited partnerships is a citizen of Tennessee, which makes at least one of those limited

partnerships a citizen of Tennessee, which makes Brawn Holdings, LLC a citizen of Tennessee, which makes Defendant a citizen of Tennessee. Plaintiff is also a citizen of Tennessee.

Plaintiff argues that the Ninth Circuit has "not gone so far as to hold that an LLC shares the citizenship of sub members of sub members of members." (Dkt. 24 [Plaintiff's Opposition] at 15.) But the Court's analysis here is simply the logical conclusion of clear Ninth Circuit law that LLCs and partnerships share the citizenships of their members. *See Johnson*, 437 F.3d at 899. If the Court could not perform this layered analysis, it could not derive Defendant's citizenship: Defendant has no citizenship other than those of its members, one of which is Brawn Holdings, LLC, who in turn has no citizenship other than those of its limited partnership members, who in turn have no citizenship other than those of its limited partners.

The Court further denies Plaintiff's request for jurisdictional discovery. "[T]he Court has broad discretion to permit jurisdictional discovery." *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996, 1003 (N.D. Cal. 2016). The Court need not grant a request "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). The Court finds that here, Plaintiff's request is based on no more than a hunch that Mr. Wilson either misunderstood or misrepresented the citizenship of Brawn Holdings, LLC's members.

\\
\\
\\
\\

## V. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for lack of jurisdiction is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for Plaintiff to file in state court.

DATED:   January 28, 2022

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE